OPINION OF THE COURT
John S. Lockman, J.
Defendants apply to the court for an order striking the class allegations from the complaint on the grounds that plaintiffs have failed to move for a determination of the propriety of the class action within the period provided by CPLR 902.
This action arises from the esoteric realm of options trading. One of the defendants issued a prospectus which stated that the price of the options in which it traded were determined by such market conditions as supply and demand. Plaintiffs allege that the price was manipulated by certain individuals and firms who reported fictitious transactions. According to a news article allegedly appearing in the Wall Street Journal of July 19,1977 and supplied to the court by defendants, these individuals and firms reported fictitious trades not out of a desire for personal gain, but in an effort “to bring the prices of lightly traded options into line with the underlying stock.” In any event, plaintiffs *44 served á summons and complaint on July 25, 1976. Issue was joined on November 5, 1976.
CPLR 902 provides: “Within sixty days after the time to serve a responsive pleading has expired for all persons named as defendants in an action brought as a class action the plaintiff shall move for an order to determine whether it is to be so maintained.” The statutory period having long since expired, defendants now move to dismiss the class allegations in the complaint. While the plaintiffs’ explanation for nearly four years of inactivity is wholly inadequate and conclusory, defendants cannot be granted the relief which they seek as yet.
Though CPLR 902 owes its origin to rule 23 (subd [b], par [3]) of the Federal Rules of Civil Procedure (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C902:l, p 336), that portion of CPLR 902 dealing with a motion for a determination relative to the propriety of a class action derives from rule 23 (subd [c], par [1]) of the Federal rules (US Code, tit 28, Appendix). That rule provides: “As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.” The practice in the Federal courts is for either party or even the court to raise the issue. (3B Moore’s Federal Practice, p 23-417 et seq.) Certain problems inherent in this practice and pertinent to the instant application were noted by Judge Frankel: “For one thing, while the court waits for one of the parties to move, pertinent statutes of limitation may be running and important interests may be exposed to injury or destruction. There is no limitations problem, of course, if the suit is eventually held properly maintainable as a class action. But that can be known only after, not before, the determination under (c) (1). And while the determination is delayed, members of a putative plaintiff class may be led by the very existence of the lawsuit to neglect their rights until after a negative ruling on this question — by which time it may be too late for the filing of independent actions.” (Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 FRD 39, 40.) To insure that the Federal policy favoring a relatively early determination of the propriety of the class action would be served, the Federal *45 District Court for the Southern District of New York adopted local civil rule 11 A. Subdivision (c) of that rule requires that the proponent of the class action seek a determination within 60 days after the filing of the pleading asserting the claim.
In enacting CPLR 902 the Legislature adopted both Federal rule 23 (subd [c], par [1]) and local rule 11A of the Southern District, but for some unexplained reason they failed to adopt subdivision (d) of local rule 11 A. Subdivision (d) provides: “If the party asserting the claim for or against a class fails to make timely motion under subsection (c) of this rule, the opposing party shall move, within thirty (30) days after expiration of the time allowed for such motion to dismiss the action as a class action.” The failure to enact subdivision (d) of local rule 11A along with subdivision (c) leaves open the question posed by the facts of this case, namely, the appropriate remedy for a plaintiffs gross loches in failing to move for a determination as required by CPLR 902.
As observed by Judge Frankel, the court must consider the interests of the as yet unrepresented members of the putative plaintiff class who may have been lulled into inaction by the plaintiffs’ commencement of an action nominally for their benefit. Assuming for the purposes of this application that some members of the class have meritorious claims which might now be foreclosed by the Statute of Limitations, to sanction plaintiffs’ indolence by dismissing the class allegations might well unjustly reward defendants for their own, perhaps cunning, complacency. Local rule 11A does not require dismissal of a class action upon a plaintiffs failure to make a timely motion as required by subdivision (c). Rather it gives the court discretion to grant or deny the motion to dismiss or to grant such other relief as may be appropriate. (See Sanders v Lum’s, Inc., 76 FRD 1, 3; Gilinsky v Columbia Univ. in City of N. Y., 62 FRD 178.) Finally, CPLR 908 provides that a class action should not be dismissed or discontinued without appropriate notice to all members of the class.
Therefore, the application is denied without prejudice to renewal upon appropriate notice to all members of the *46 putative class. The papers submitted should address themselves, inter alla, to potential prejudice to class members for a dismissal of the class allegations.
Submit order specifying method of service upon renewal of application on notice to plaintiffs.